**Dennis David MCCULLEY,**
**Plaintiff–Appellant,**

v.

**Edmond SCHWENN, TPD Officers;**
**et al., Defendants–Appellees.**

**No. 05–16021.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Jan. 26, 2007.

Dennis David McCulley, Gretna, NE, pro se.

Daryl A. Audilett, Esq., Rebecca Parker–Perry, Esq., Kimble, Nelson & Audilett, P.C., Tucson, AZ, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Dennis David McCulley appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging malicious prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal based on the statute of limitations, see *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1175 (9th Cir.2000), and we may "affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court." *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.,* 810 F.2d 869, 874 (9th Cir.1987).

There has been no favorable termination of McCulley's criminal conviction enabling McCulley to bring malicious prosecution claims. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The record shows that charges remained pending against McCulley after the Arizona court granted his application for post-conviction relief and vacated his conviction on January 18, 2000. *See Harvey v. Waldron,* 210 F.3d 1008, 1015 (9th Cir.2000) (a section 1983 action "does not accrue until the criminal charges have been dismissed . . .").

McCulley contends his malicious prosecution claims accrued on April 1, 2004, when an Arizona court granted his application to have his judgment of guilt set aside under Ariz.Rev.Stat. § 13–907. However, under Arizona law, "[t]he fact that the conviction was vacated pursuant to Ariz. Rev.Stat. § 13–907 does not affect the conclusiveness of guilt," *In Re Rivkind,* 164 Ariz. 154, 791 P.2d 1037, 1040 (Ariz.1990), and therefore "does not expunge or remove the fact of conviction in Arizona," *Russell v. Royal Maccabees Life Ins. Co.,* 193 Ariz. 464, 974 P.2d 443, 448 (Ariz.Ct. App.1998). Accordingly, this action is barred by *Heck,* 512 U.S. at 486, 114 S.Ct. 2364.

McCulley's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.